# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMED JAMA ISMAIL,<br><br>Defendant. | Case No. 22-MJ-328 (1) (NEB/HB)<br><br><br>ORDER ON DEFENDANT'S<br>OBJECTIONS TO DETENTION ORDER |

Defendant Mohamed Jama Ismail has been charged via a criminal complaint with willfully and knowingly making a false statement in an application for a passport with the intent to induce or secure the issuance of a passport, in violation of 18 U.S.C. Section 1542. (ECF No. 2.) On April 21, 2022, Ismail made his initial appearance and the government moved for his pretrial detention. (ECF No. 6.) After an evidentiary hearing, Magistrate Judge John F. Docherty granted the motion. (ECF No. 10; ECF No. 12 ("Detention Order").) Ismail then objected to the Detention Order. (ECF No. 14.) This Court heard oral arguments on Ismail's objections on May 16.

The Court construes Ismail's objections to the Detention Order as a motion for revocation or amendment of a detention order under 18 U.S.C. Section 3145(b).[1] *See*

---

[1] "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b).

*United States v. Perez*, No. 19-CR-2591 (PJS/ECW), 2019 WL 5561417, at *1 (D. Minn. Oct. 29, 2019) (doing the same). The Court must conduct a *de novo* review of a detention order. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc); *Perez*, 2019 WL 5561417, at *1. In doing so, the Court has considered the record before Judge Docherty, including the Pretrial Services Report and transcript of the evidentiary hearing. (ECF No. 9 ("PSR"); ECF No. 16 ("Hr'g Trans.").) The Court has also considered a new Pretrial Services Status Report, which recommends detention. (ECF No. 21 ("Status Report").)

Under 18 U.S.C. Section 3142(e), the Court may detain a defendant before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citations omitted). In deciding whether release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the Court considers: (1) the nature and circumstances of the crime charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual. 18 U.S.C. § 3142(g).

Based on the record before the Court, the Court finds that the government has shown, by a preponderance of the evidence, that Ismail poses a risk of flight and no condition or combination of conditions will reasonably ensure his future appearance before this Court.

The government appears to have substantial evidence of Ismail's guilt of the underlying offense, and Ismail was notified that he is the target of a larger federal fraud investigation that has not yet been charged. (ECF No. 2-1 (affidavit supporting criminal complaint)). Ismail's financial resources give him the means to flee. (*E.g.*, PSR at 2–3; Hr'g Trans. at 8–9, 25, 27). Ismail booked a flight to Nairobi, Kenya, after being informed that he was a target of the federal fraud investigation. (Hr'g Trans. at 8, 19, 24–25.) Ismail has many close ties to Nairobi. His immediate family members live there, including his wife and children.[2] (*Id.* at 24–25.) He owns multiple properties and business interests in Nairobi. (*Id.* at 25, 27.) And Ismail was apprehended while trying to board an airplane to Nairobi using an allegedly fraudulently obtained passport. (*Id.* at 25–26.)

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

---

[2] Between the time of the hearing before Judge Docherty and the hearing before this Court, Ismail's wife and children traveled from Kenya, where they have lived for at least four years, to the United States. (Status Report at 1–2; Hr'g Trans. at 25.) Defense counsel informed Pretrial Services that Ismail's wife and children are now residing in Ismail's home in Savage, Minnesota. (Status Report at 1.) Given the curious, if not suspicious, timing of the family's visit to the United States, and without more information about it, the Court cannot conclude that it assists Ismail's argument for release.

1. Ismail's Objections to Detention Order, (ECF No. 14), which the Court construes as a motion to revoke or amend the Detention Order, is DENIED;

2. Ismail is ordered DETAINED under 18 U.S.C. Section 3142(e);

3. Ismail is committed to the custody of the United States Marshals for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4. Ismail shall be afforded reasonable opportunity to consult privately with his lawyer; and

5. Upon order of the Court or request by the United States Attorney, the person or persons in charge of the correctional facility or facilities in which Ismail is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: May 16, 2022

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge