UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-85 (NEB/TNL)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMED JAMA ISMAIL,

Defendant.

PLEA AGREEMENT AND
SENTENCING STIPULATIONS

The United States of America and the defendant, Mohamed Jama Ismail, agree to resolve this case on the following terms and conditions. This plea agreement binds only Ismail and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment, charging him with Use of Passport Secured through False Statement in violation of Title 18, United States Code, Section 1542.

2. **Factual Basis**. Ismail stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt.

On January 20, 2022, federal agents seized Ismail's U.S. passport during the execution of a federal search warrant at his house. The passport was recovered in a locked safe. Ismail provided agents with the combination to unlock the safe. Following the search, Ismail was informed, through his counsel, that he was a target of a federal



fraud investigation involving misappropriation of funds from a federal food program.

On March 22, 2022, Ismail applied for a new U.S. passport. Ismail submitted his passport application in person at the Minneapolis Passport Agency in downtown Minneapolis. On his passport application, Ismail indicated that he had previously been issued a U.S. passport. However, Ismail falsely claimed that the passport had been lost. Ismail signed the passport application after attesting that, "I have not knowingly and willfully made false statements or included false documents in support of this application."

Along with his passport application, Ismail also submitted a required Statement Regarding a Lost or Stolen U.S. Passport Book and/or Card (also known as a Form DS-64). On the Form DS-64, Ismail falsely represented that he had "lost" his passport "at home." He also falsely claimed that he had filed a police report in connection with his "lost" passport. The Form DS-64 expressly warned that "false statements made knowingly and willfully on this form, in U.S. passport applications, or in affidavits or other supporting documents submitted therewith are punishable by fine or imprisonment under U.S. law, including 18 U.S.C. 1001 and/or 18 U.S.C. 1542."

Based on the defendant's passport application that included these false representations, the U.S. Department of State issued Ismail a new U.S. passport the same day he applied, March 22, 2022.

On April 4, 2022, Ismail booked a flight departing from Rochester, Minnesota on April 20, 2022, with the ultimate destination of Nairobi, Kenya (via MSP and

Amsterdam). Ismail used his new passport to check in for his flight at the Rochester International Airport on April 20, 2022. Ismail arrived at MSP airport that afternoon and presented his ticket to board his flight bound for Nairobi. FBI agents arrested him on the jetway.

Ismail acted knowingly and willfully in making false statements to secure and use the U.S. passport.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement and based upon the concessions of the United States contained herein, Ismail knowingly, willingly and voluntarily agrees to withdraw any pretrial motions he may have already filed and to give up the right to file any additional pretrial motions.

4. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public

and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries the following statutory penalties:

   a. a maximum term of 10 years' imprisonment, a Class C felony. (18 U.S.C. § 3559(a)(3));

   b. a supervised-release term of not more than 3 years. (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));

   c. a fine of up to $250,000. (18 U.S.C. § 3571(b)(3)); and

   d. a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)).

7. **Guidelines Calculations**. The parties acknowledge Ismail will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence, and the parties stipulate to the following Guidelines calculations. Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and

the Probation Office all information in their possession regarding the offense, including relevant conduct, and Ismail's background.

    a.    **Base Offense Level**. The parties agree that the base offense level is **8**. USSG § 2L2.2(a).

    b.    **Specific Offense Characteristics**. The parties agree that because the specific offense involved fraudulently obtaining a U.S. passport, the base offense level should be increased by **4 levels**. USSG § 2L2.2(b)(3). The parties agree that no other specific offense characteristics or adjustments apply.

    c.    **Chapter Three Adjustments**. The parties agree that, other than as provided for in paragraph d. below for acceptance of responsibility, no other Chapter Three adjustments apply.

    d.    **Acceptance of Responsibility**. The parties agree that if and only if the defendant: (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully at the change-of-plea and sentencing hearings; (3) complies with this agreement; and (4) does not engage in any act inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion. Nothing in this agreement, however, limits the right of the Government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

After applying all adjustments, the adjusted total offense level is **10**.

    e.    **Criminal History Category**. Based on the information currently available, the parties believe the defendant has a criminal history category of **I**. This is not a stipulation but merely a belief based on an assessment of the information currently known. Accordingly, the parties agree that the defendant's actual criminal history category and related status will be determined by the Court based on the information presented in the

Presentence Report and by the arguments made by the parties at the time of sentencing.

 f. **Guidelines Ranges**. If the adjusted total offense level is **10**, and the criminal history category is I, the advisory Guidelines range is **6-12 months' imprisonment**.

 g. **Fine Range**. If the adjusted total offense level is 10, the applicable fine range is $4,000 to $40,000. USSG § 5E1.2(c)(3).

 h. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00. USSG § 5E1.3. The defendant understands and agrees that this special assessment is due and payable at or before sentencing.

 i. **Supervised Release**. The Guidelines require a term of supervised release of at least 1 year but not more than 3 years. USSG § 5D1.2(a)(2).

8. **Revocation of Supervised Release**. The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke his supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors

and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations and/or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Waiver of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of

imprisonment above the high end of the Guidelines range determined by the district court. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

13. **Waiver of Freedom of Information Act and Privacy Act**. In exchange for the concessions of the United States made herein, the defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: 7/27/22

ANDREW M. LUGER
United States Attorney

BY: JOSEPH H. THOMPSON
CHELSEA A. WALCKER
Assistant United States Attorneys

Dated: 07/26/22

MOHAMED JAMA ISMAIL
Defendant

Dated: 07/26/2022

PATRICK COTTER
Attorney for Defendant