UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-85 (NEB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOHAMED JAMA ISMAIL,

    Defendant.

**UNITED STATES' POSITION REGARDING SENTENCING**

The United States of America, by its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Chelsea A. Walcker, Matthew S. Ebert, Harry M. Jacobs, and Joseph S. Teirab, Assistant United States Attorneys, submits this memorandum regarding the sentencing of Defendant Mohamed Jama Ismail. For the reasons set forth below, the United States respectfully submits that a sentence within the U.S. Sentencing Guidelines range is sufficient, but not greater than necessary, to comport with the sentencing factors set forth in 18 U.S.C. § 3553(a).

## FACTUAL AND PROCEDURAL HISTORY

### I. The Criminal Offense

On January 20, 2022, federal agents seized the defendant's U.S. passport during the execution of a federal search warrant at his residence. (PSR ¶ 7.) The defendant's U.S. passport was found in a locked safe. (*Id.*) The defendant provided agents with the combination to unlock the safe. (*Id.*) Following the search and seizure, the defendant was informed, through his counsel, that he was a target of a federal

fraud investigation involving misappropriation of funds from a federal food program. (Doc. No. 50 ("Plea Agreement") ¶ 2.)

Two months later, on March 22, 2022, the defendant submitted an application to the U.S. Department of State for a replacement passport. (PSR ¶ 8.) Under penalty of perjury, the defendant falsely claimed on his application that he had "lost" his passport. (*Id.*) The defendant also submitted an accompanying "Statement Regarding a Lost or Stolen U.S. Passport Book and/or Card" (also known as a Form DS-64), in which the defendant stated that he had lost his passport at home and had filed a police report in connection with his lost passport. (*Id.*; Plea Agreement ¶ 2.) This was false. The defendant's passport was neither lost nor missing; it had been seized by federal agents. (PSR ¶ 7.) And a search of police records contradicted the defendant's claim regarding the alleged police report. (Plea Agreement ¶ 2.) Based on his passport application that included these false representations, the defendant obtained a new U.S. passport the same day he applied. (*Id*; PSR ¶ 9.)

On April 20, 2022, the defendant used his new passport to board a flight bound for Nairobi, Kenya. (PSR ¶ 9.) Law enforcement arrested the defendant on the jetway. (*Id.*) The defendant was ordered detained. (*Id.* ¶ 4.) He has remained in custody for more than five months, since his arrest on April 20, 2022. (*Id.*)

## II.     The Defendant's Conviction, Plea, and Sentencing Guidelines

On April 21, 2022, the defendant was charged by criminal complaint with False Statement in Application for a Passport, in violation of 18 U.S.C. § 1542. (PSR

¶ 1.) On May 17, 2022, a federal grand jury charged the defendant with Use of a Passport Secured by False Statement, in violation of 18 U.S.C. § 1542. (*Id.* ¶ 2.)

On July 27, 2022, the defendant pled guilty to Use of a Passport Secured by False Statement. (*Id.* ¶ 3.) The parties' plea agreement contemplated a total adjusted offense level of 10, a criminal history category of I, and a Guidelines imprisonment range of 6–12 months. (Plea Agreement ¶ 7.) The PSR's Sentencing Guidelines calculation is the same as that of the parties. (PSR ¶ 59.) The United States requests that the Court adopt the undisputed PSR findings as its finding of fact for purposes of sentencing the defendant. *See* Fed. R. Crim. P. 32(i)(3)(A).

## SENTENCING RECOMMENDATION

The United States respectfully recommends that the Court impose a Guidelines range sentence in this case. The facts of this case, including those in mitigation, demonstrate that such a sentence would fulfill the purposes of sentencing set forth in 18 U.S.C. § 3553(a). In particular, such a sentence addresses the seriousness of the defendant's criminal conduct, the need for general deterrence and to promote respect for the law, and the defendant's acceptance of responsibility.

The defendant committed a serious crime that warrants serious punishment. The defendant manipulated numerous processes to fraudulently obtain a U.S. passport. He deceived law enforcement agents and obtained a replacement U.S. passport by falsely telling U.S. Department of State officials that his passport had been lost. And he attempted to flee the United States using that passport. Knowing that he was under federal investigation, rather than stay in the

United States and face the consequences of his actions, he committed fraud against the United States government and attempted to flee the country. Such patterns of deceit pose paramount concern in ensuring the integrity of U.S. passports and can have serious repercussions for national security. Typically, passport fraud that is caught is identified immediately because the applications are detected as fraudulent and the passports are never provided to the applicant, thus the central harm of the crime is avoided. However, unique cases like the defendant's are doubly pernicious as not only is the harm achieved, but its achievement typically insulates it from detection. Accordingly, attempts to obtain and use fraudulent passports require serious consequences.

Based on the totality of the circumstances in this case, the factors set forth in Title 18, United States Code, Section 3553(a), a Guidelines range sentence is appropriate in this case. Such a sentence is sufficient to promote respect for the law, provide just punishment for the offense, and serve to deter future abuse of the U.S. passport system.

Furthermore, a Guidelines sentence will also avoid unwarranted sentencing disparities. The United States is not aware of any sentences in comparable cases that would create disparities among defendants with similar records who have been found guilty of similar conduct if the Court imposes a sentence within the Guidelines range. *See, e.g.*, *United States v. Dokulil*, No. 19-cr-69 (JNE), Doc. No. 88 (Feb. 14, 2020 Sentencing Judgment) (defendant sentenced to 12 months' imprisonment on false statement in application for passport conviction); *United States v. Alsleben*, No. 19-

cr-06 (MJD), Doc. No. 63 (Jan. 27, 2020 Sentencing Judgment) (defendant, who had been in custody for more than 6 months, sentenced to time-served on false statement in application for passport conviction).

## CONCLUSION

For the reasons set forth above, the United States respectfully submits that a Guidelines range sentence comports with the factors set forth in Title 18, United States Code, Section 3553(a). Such a sentence reflects the seriousness of the defendant's conduct, promotes respect for the law, affords adequate deterrence, and accounts for the defendant's acceptance of responsibility.

Dated: November 2, 2022                                Respectfully Submitted,

                                                       Andrew M. Luger
                                                       United States Attorney

                                                       */s/ Chelsea A. Walcker*

                                            BY:    CHELSEA A. WALCKER
                                                   JOSEPH H. THOMPSON
                                                   MATTHEW S. EBERT
                                                   HARRY M. JACOBS
                                                   JOSEPH S. TEIRAB
                                                   Assistant United States Attorneys